

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Homer D. Lek
County Auditor
Fayette County
LaGrange, Texas

Dear Sir:

Opinion No. 0-6859

Re: May a Commissioner of Fayette
County lease a truck from a
private individual for county
use and pay to said owner the
difference between the earn-
ings of the truck and the
cost of repairs, labor and
gasoline, while paying the
amount of said bills to
other individuals?

Your request for our opinion on the above questions,
reads as follows:

"I would like to have your opinion on the
following fact situation:

"Commissioner A. of Fayette County, Texas,
has been leasing a truck from a private individual
for a consideration of $1.50 per hour while such
truck is in use by the commissioner for the bene-
fit of the county. While such truck is in use,
it often times happen that the truck needs to be
repaired, and the commissioner is having these
repairs made on the truck by other private
individuals, as for instance:

"a. For parts to A. company . . . . . . $5.00

"b. For labor in repairing such
truck to B. . . . . . . . . . . . . . . 10.00

"c. For gasoline and oil used in
such truck to C. . . . . . . . . . . 15.00

Hon. Homer D. Lok,   page 2

"A. company that furnishes the parts for repairs
of the truck makes his charges directly to Fayette
County, and so does B for his labor and C for the
gasoline that he sells and delivers.  Supposing the
truck is being used by the commissioner for 50 hours
for the benefit of the county the actual earnings of
the truck would be $75.00 at $1.50 per hour.  Instead
of paying the owner of the truck the entire $75.00,
it is contemplated that the county pay him only the
sum of $45.00, being the difference between the
earnings of the truck and the cost of the repairs,
labor and gasoline, and that the county pay directly
to A, B and C their respective bills of $5.00, $10.00
and $15.00 as above outlined. Based on the above fact
situation, I would like to have your opinion on the
following questions:

"1.  Is it legal for the commissioner to lease such
a truck from a private individual on the above basis for
the benefit of the county, assuming, of course, that the court
concurs?

"2.  Is it legal for the county to pay out the above
mentioned bills to A, B and C directly since such expen-
ditures are made on a private individual's truck under
lease, upon presentation of proper claims by A, B and C
to me for such items?"

Article 2351, Vernon's Annotated Civil Statutes, constitutes
the general grant of power to the Commissioners' Court of a county,
said statute providing as follows:

"Each commissioners court shall:

"1.  Lay off their respective counties into precincts,
not less than four, and not more than eight, for the elec-
tion of justices of the peace and constables, fix the
times and places of holding justices courts, and shall
establish places in such precincts where elections shall
be held; and shall establish justices precints and jus-
tices courts for the unorganized counties as provided by
law.

"2.  Establish public ferries whenever the public
interest may require.

"3.  Lay out and establish, change and discontinue
public roads and highways.

Hon. Homer D. Cook, page 3

"4. Build bridges and keep them in repair.

"5. Appoint road overseers and apportion hands.

"6. Exercise general control over all roads, highways, ferries and bridges in their counties.

"7. Provide and keep in repair court houses, jails and all necessary public buildings.

"8. Provide for the protection, preservation and disposition of all lands granted to the county for education or schools.

"9. Provide seals required by law for the district and county courts.

"10. Audit and settle all accounts against the county and direct their payment.

"11. Provide for the support of paupers and such idiots and lunatics as cannot be admitted into the lunatic asylum, residents of their county, who are unable to support themselves. By the term resident as used herein, is meant a person who has been a bona fide inhabitant of the county not less than six months and of the State not less than one year.

"12. Provide for the burial of paupers.

"13. Punish contempts by fine not to exceed twenty-five dollars or by imprisonment not to exceed twenty-four hours, and in case of fine, the party may be held in custody until the fine is paid.

"14. Issue all such notices, citations, writs and process as may be necessary for the proper execution of the powers and duties imposed by such court and to enforce its jurisdiction.

"15. Said court shall have all such other powers and jurisdiction, and shall perform all such other duties, as are now or may hereafter be prescribed by law."

Hon. Homer D. Lok,  page 4

The powers expressly given to the Commissioners' Court in the above article carry by implication all such other powers as are reasonably necessary to carry into effect the granted authority.  Lasater v. Lopez, 202 S. W. 1039; El Paso County v. Elam, 106 S. W. (2d) 393.

In addition to the general powers of the Commissioners' Court above referred to, the Commissioners' Court of a county has express authority under Article 6751 of Vernon's Annotated Civil Statutes to lease, rent, or hire necessary road machinery, tools, implements, etc., for grading, draining or repairing the roads of the county.  Said statute reads as follows:

"The commissioners court of any such county is authorized to purchase or hire all necessary road machinery, tools, implements, teams and labor required to grade, drain, or repair the roads of such county, and said court is authorized and empowered to make all reasonable and necessary rules, orders and regulations not in conflict with law for laying out, working and otherwise improving the public roads, and to utilize the labor and money expended thereon, and to enforce the same."

While you do not state what the truck in question is being used for, we presume it is being used by the county for lawful purposes.  If so, it is our opinion that the Commissioners' Court has both express and implied authority to lease such truck from a private individual for the benefit of the county on the basis stated.

It is also our opinion that it is legal for the county to pay the bills mentioned so long as such expenditures are in payment of and do not exceed the amount to be paid for the lease of said truck.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB:LJ

